```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
```

SHERI SPEER,                          :
                                      :
    Appellant,                        :
                                      :
v.                                    :   No. 3:14-cv-01912(RNC)
                                      :
CLIPPER REALTY TRUST, SEAPORT         :
CAPITAL PARTNERS, DR. MICHAEL         :
TEIGER, AND SLS HEATING, LLC          :
                                      :
    Appellees.                        :

## RULING AND ORDER

    Alleged debtor Sheri Speer brought this appeal after the Bankruptcy Court approved an involuntary petition filed by a group of her creditors. The creditors have moved to dismiss the appeal as moot (ECF No. 17). For reasons that follow, the motion is granted.

## I. Background

    Ms. Speer owns and manages real estate in southeastern Connecticut. On May 20, 2014, creditors Michael Teiger, M.D., SLS Heating, LLC and Clipper Realty Trust filed a Chapter 7 petition alleging that they held unsecured claims against Ms. Speer and she was not paying her debts as they came due. After a hearing, the Bankruptcy Court approved the involuntary petition and entered an order for relief.

    Ms. Speer timely appealed the Bankruptcy Court's order. ECF No. 1. In her brief, she contends that the court committed

1

a variety of errors in approving the petition.  Specifically, she asserts that the court erred by: 1) determining that Clipper Realty Trust's claim was non-contingent and not subject to a bona fide dispute; 2) concluding that the Rooker-Feldman doctrine did not preclude approval of the petition; 3) crediting testimony from witness Elizabeth Alina; 4) finding that less than $10,000 was available to satisfy a lien held by Dr. Teiger; 5) denying her a fair opportunity to litigate special defenses; 6) determining that the petition was not filed in bad faith; and 7) denying her motion for recusal.  ECF No. 12.

    Shortly after filing her appeal, Ms. Speer moved the Bankruptcy Court to convert her Chapter 7 case to one under Chapter 11.  The Bankruptcy Court granted her motion on January 5, 2015.

    The creditors argue that the conversion of Ms. Speer's bankruptcy proceeding moots her appeal.  I agree.

## II. Discussion

    On the theory that debtors should be permitted to repay their debts instead of suffering involuntary liquidation, 11 U.S.C. § 706(a) grants a Chapter 7 debtor a one-time right to convert her case to one under Chapter 11.  See In re J.B. Lovell Corp., 876 F.2d 96, 97 (11th Cir. 1989).  Provided the debtor is eligible for relief under Chapter 11, the case has not previously been in Chapter 11 or 13, and the debtor is acting in

good faith, the conversion motion will "supersede the Chapter 7 petition."  Robert E. Ginsberg, Robert D. Martin & Susan V. Kelley, Ginsberg & Martin on Bankr. § 12.13 (2014).  No longer subject to liquidation under Chapter 7, the debtor will reorganize under a Chapter 11 plan.

As a general matter, "[t]he conversion of a petition from one chapter to another . . . moots an appeal taken from an order in the original chapter."  AmeriCredit Fin. Servs., Inc. v. Tompkins, 604 F.3d 753, 755 (2d Cir. 2010).  Conversion of the case to a new chapter "renders the [order] irrelevant and [the] court unable to provide effective relief."  Id.  Because a court may not adjudicate a matter in which "the parties lack a legally cognizable interest in the outcome," the appeal will be dismissed as moot.  Id. (internal quotation marks and citations omitted).

J.B. Lovell Corp. illustrates this principle.  In that case, the bankruptcy court granted an involuntary petition filed against the debtor.  The debtor appealed the order.  On the same day, he filed a motion converting his Chapter 7 proceeding to a proceeding under Chapter 11.  J.B. Lovell Corp., 876 F.2d at 97. He argued that, having been forced into Chapter 7 against his will, he should be permitted to both convert to Chapter 11 and contest the Chapter 7 order on appeal.  Id.

3

The Eleventh Circuit disagreed.  "Voluntary conversion under § 706(a)," it wrote, "constitutes an election of remedies that obviates the need for further litigation of issues unique to Chapter 7."  Id. at 99.  The debtor's decision to "voluntarily [seek] protection of the bankruptcy laws" under Chapter 11 rendered the Chapter 7 order "irrelevant."  Id.  His appeal was accordingly dismissed.  Id.; see also, e.g., Beaudry v. Mfrs. & Traders Trust Co., No. 6:05 Civ. 893, 2007 U.S. Dist. LEXIS 90446, at *4 (N.D.N.Y. Dec. 7, 2007) (collecting cases); In re Mendy, No. 03 Civ. 521, 2003 WL 22038392, at *4 (E.D. La. Aug. 20, 2003) ("Conversion renders a debtor's appeal of rulings in the original proceeding moot because the factual predicates of the appeal [are] no longer relevant." (internal quotation marks omitted)); In re Klein, 77 B.R. 203, 204 (N.D. Ill. 1987) (appeal moot because following conversion, "the debtor is not an adjudicated involuntary bankrupt but, rather, a debtor protected by Chapter 11 pursuant to his own voluntary petition"); ALAN N. RESNICK & HENRY J. SOMMER, 6 COLLIER ON BANKRUPTCY § 706.02[4] (16th ed. Matthew Bender 2010) (conversion to Chapter 11 "constitutes an election of remedies that obviates the need for further litigation of issues pertaining to the involuntary petition, including any appeal of an order granting relief on the petition prior to conversion").

4

Here, as in the cases cited above, Ms. Speer's voluntary conversion to Chapter 11 has mooted her appeal. If the Court were to grant Ms. Speer the relief she seeks by vacating the Bankruptcy Court's Chapter 7 order, it would be of no practical consequence. The case is now in Chapter 11 and the order has no effect. The parties therefore "lack a legally cognizable interest in the outcome" of this appeal, and it must be dismissed. See Tompkins, 604 F.3d at 755.

Ms. Speer advances two arguments to the contrary. First, she attempts to distinguish her case from J.B. Lovell Corp. on the ground that the appeal in that case concerned only statutory questions about 11 U.S.C. § 303 (a provision in the Bankruptcy Code that governs involuntary petitions). Her appeal, in contrast, raises non-statutory issues, such as due process and the Rooker-Feldman doctrine. This argument misses the mark. It is the order's lack of any continuing significance, not the nature of its alleged infirmities, that renders the appeal moot.

Ms. Speer's second argument focuses on the Bankruptcy Judge's decision not to recuse himself for bias. She asserts that her appeal is "not limited to the order for relief" because the Bankruptcy Judge "still presides over issues related to the case." ECF No. 23, at 3. Even if the Chapter 7 order is moot, she argues, the question of recusal is not.

5

It is true that an appeal of an order under one chapter can survive conversion if the order will bear on the case as it proceeds under a new chapter.  See Tompkins, 604 F.3d at 755 (allowing a creditor's appeal of an order expunging its unsecured claim in a Chapter 13 proceeding later converted to Chapter 7 because "whether an unsecured claim is allowed is a determination that, unlike many orders entered with respect to a Chapter 13 petition, has an impact on the distribution of assets in a Chapter 7 proceeding").  But this is not such a case.  If Ms. Speer is arguing that the court's order should be vacated because the Bankruptcy Judge was biased, she is, as discussed above, seeking a remedy that has no actual significance.

If, on the other hand, Ms. Speer is endeavoring to appeal the Bankruptcy Judge's order denying her motion for recusal with an eye to securing his removal from the case, mootness is not an issue.  As Ms. Speer points out, that order is still in force and affects her proceeding.  But an appeal of the order is premature.

Title 28 U.S.C. § 158(a) governs bankruptcy appeals.  A bankruptcy court's order denying recusal is not a "final judgment[]" appealable under § 158(a)(1); neither is it appealable under the collateral order doctrine.  See 28 U.S.C. § 158(a)(1); In re Ad Hoc Committee of Tort Victims, No. 04 Civ. 08934 (CSH), 2005 WL 267564, at *2-4 (S.D.N.Y. Feb. 3, 2005).

6

Moreover, an order denying recusal is not a fit object of discretionary appeal under § 158(a)(3), at least when, as in this case, the appeal raises questions of fact instead of "a controlling question of law."  Id. at *4.  In consequence, the question of recusal cannot properly be brought before the Court at this time.

III. Conclusion

Accordingly, the motion to dismiss is hereby granted.

So ordered this 18th day of February, 2015.

                                        _____/s/_____
                                            Robert N. Chatigny
                                       United States District Judge