**July 15, 2016**

In re Sheri Speer, No. 3:14-cv-1912 (RNC)

**ORDER dismissing appeal**

　　Sheri Speer, proceeding pro se, challenges the Bankruptcy Court's entry of an order for relief during the initial Chapter 7 phase of her bankruptcy case.  Following entry of that order, Ms. Speer filed this appeal, then converted the case to one under Chapter 11.  On February 18, 2015, the Court granted appellees' motion to dismiss the appeal on the ground that Ms. Speer's conversion of the case mooted the appeal.  See (ECF No. 25).  The Bankruptcy Court subsequently granted the creditors' motion to re-convert the case to one under Chapter 7, at which point Ms. Speer moved to reopen this appeal.  The motion was granted but the parties were directed to address whether the appeal remains moot notwithstanding the re-conversion.  After considering the parties' supplemental submissions, I conclude that the appeal does remain moot and therefore dismiss the appeal.

　　As discussed in the ruling of February 2015, the conversion of a petition from one chapter to another ordinarily serves to moot an appeal taken from a pre-conversion order. AmeriCredit Fin. Servs., Inc. v. Tompkins, 604 F.3d 753, 755 (2d Cir. 2010). Conversion of the case to a new chapter "renders the [order] irrelevant and [the] court unable to provide effective relief." Id.  Because a court may not adjudicate a matter in which "the parties lack a legally cognizable interest in the outcome," the appeal will be dismissed as moot.  Id. (internal quotation marks and citations omitted).

　　Ms. Speer contends that the appeal is not moot.  Relying on 11 U.S.C. § 348(a), she argues that the order for relief entered in the original Chapter 7 proceeding was "unaffected" by both the conversion and re-conversion.  (ECF No. 40) at 3.  The appellees respond that her reliance on section 348(a) is misplaced.  I agree.

　　Section 348(a) provides that "[c]onversion from a case under one chapter of [the Bankruptcy Code] to a case under another chapter . . . does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief."  Id.  The purpose of this section is to make clear that "the sections of the Code that are keyed to the dates of the filing of the petition, the commencement of the case or the entry of the order for relief are unaffected by conversion."  3 Alan N. Resnick, Collier on Bankruptcy ¶ 348.02 (16th ed. 2016).  It is intended "to preserve actions already taken in the case before conversion" and to "avoid . . . the resetting of deadlines and

the reopening of limitations periods." In re Bell, 225 F.3d 203, 213 (2d Cir. 2000). This section does not address the substantive underpinnings of the original order for relief and would not prevent an appeal of that order from being mooted by a voluntary conversion. See Tompkins, 604 F.3d at 755.

    Because the appeal remains moot, notwithstanding the re-conversion, it is hereby dismissed.

    So ordered.

                                              /s/ RNC
                                  Robert N. Chatigny
                            United States District Judge